**SEELEY v NORWALK (city)**

Ohio Appeals, 6th Dist, Huron Co

Decided April 20, 1936

Young & Young, Norwalk, for plaintiff in error.

H. R. Freeman, City Solicitor, Norwalk, for defendant in error.

## OPINION

By OVERMYER, J.

Mary H. Seeley filed an action in Common Pleas Court against the city of Norwalk, alleging in her petition that: "on or about December 16, 1932, one of the defendant's pipes upon the property of defendant immediately in front of the real estate of plaintiff * * * became broken and from that time until some time in August, 1933, water poured from said pipe onto the premises of plaintiff, flooding plaintiff's cellar continuously; that although plaintiff notified said defendant thereof immediately, said defendant failed and refused to prevent the same;" and that by reason thereof the plaintiff suffered damage to her property and her health in the sum of $2,-500. The city's answer was a general denial.

On trial the court, on motion of defendant at the conclusion of all the evidence, directed a verdict for the defendant and judgment was later entered thereon. Plaintiff seeks a reversal of the judgment, claiming error in so directing a verdict, and error in the admission and rejection of evidence.

Plaintiff's counsel have stated aptly in their brief in this court that two questions are to be answered in determining whether the lower court erred in directing a verdict for defendant, as follows:

1. Where a city operates a water works and maintains a water distributing system, is it liable for damages resulting from leaks in the pipe of such system?

2. Where the broken or leaking pipe is not a main but a distribution or service pipe, is the city liable for damages resulting from the break in the pipe, after notice that the pipe is leaking?

The first question must be answered in the affirmative. 19 Ruling Case Law, 1130, §408; **Barberton v Miksch, 128 Oh St, 169, 190 NE, 387; 28 Ohio Jurisprudence, 950, 1022, 1023.**

The second question presents the issue involved in this case. It appears undisputed from the evidence that water appeared in the basement of plaintiff's property about December 16, 1932, seeping through the wall nearest the street, and within a few weeks had reached a depth of six to eight inches. Shortly after New Year's plaintiff notified the city water department, and the superintendent of that department and an assistant made an examination and certain tests, but found no leaking pipes. A well near the house was suspected and steps were taken by the plaintiff to correct that without results. Later a plumber was called by plaintiff, who came to the place accompanied by an employee of the city water department, on which occasion a "leak detector" was used, but no leaks in pipes discovered. The water continued to come into the basement and plaintiff had it bailed out several times.

About six months later, the plaintiff's daughter discovered water bubbling up through the ground in the boulevard in front of the house, between the sidewalk and the curb. The city was notified and sent its employees who found, upon excavating, that the pipe leading from the street main was rusted off at the curb valve on the side nearest the main. The curb valve is in the boulevard strip about four feet from the curb. Plaintiff says that since this was corrected the water has disappeared from the basement. Plaintiff has been presented with a bill by the city for the cost of installing a new pipe and for the labor incident thereto, which was all done by the city.

On the trial the city, over the objection of plaintiff, was permitted to introduce in evidence the by-laws, rules and regulations of the Norwalk Water Department. We find no prejudicial error in the admission in evidence of these rules and regulations. They are not necessarily determinative of the issues in the case or the rights of the parties, but they are the particular rules under which the Norwalk Water Department operates and with knowledge of which the consumers are charged. But, if the consumer is the owner and charged with the maintenance of the service pipe from the main to the house, as claimed by the city,

it appears from these rules that the owner could do nothing about repairing a leak or digging or excavating for it without first obtaining permission from the city, and certainly would have no right to excavate in the street without such permission. The erection and maintenance of a city water works is for the benefit of the citizens who use the water, but control over it is vested in the proper city authorities. The duties and obligations with respect to it are mutual between the consumer and the municipal authorities. If a consumer has reason to suspect an imperfection in the equipment affecting his property, which would in turn affect the entire system, it is his duty to notify the city, and then it becomes the duty of the city to use ordinary and reasonable care to make necessary corrections.

A city may be liable for damages resulting from leaks in service pipes of a municipal plant if, after notice, the city does not use reasonable care in correcting imperfections, even though such service pipes belong to the consumer, especially when, as in the case at bar, the consumer is not permitted to make any corrections without the permission of the city. Cincinnati v Jacob, 10 D. Rep., 27, 18 W.L.B., 65; Mann Bros. v City of Henderson, 154 Ky., 154, 156 SW, 1063; Dunston v City of New York, 91 N. Y. App. Div., 355, 86 N. Y. Supp., 562.

The issue here presented was whether, in response to plaintiff's first notice to the city of the conditions appearing in the basement and the seeping of the water through the wall toward the street, the city exercised reasonable care to discover the source of the water which months later was ascertained to be the broken pipe. This was a question for the jury, and the court was therefore in error in directing a verdict for the city.

The judgment will be reversed and the cause remanded.

Judgment reversed and cause remanded.

LLOYD and CARPENTER, JJ, concur.